Larry McDONALD and Melvin Givens, Plaintiffs-Appellants,

v.

OZARK MACHINERY COMPANY, Defendant-Respondent.

No. 14655.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 24, 1986.

W. Swain Perkins, Thayer, for plaintiffs-appellants.

R. Jack Garrett, Garrett & Ray, West Plains, for defendant-respondent.

PREWITT, Presiding Judge.

Plaintiffs appeal from a judgment in their favor for actual damages. They assert that the trial court erred in not submitting punitive damages to the jury.

Following their purchase of a log skidder from defendant plaintiffs sued defendant, seeking actual and punitive damages. Their petition claimed that defendant represented the log skidder as a 1973 John Deere 540–A model when it was a 1969 540 model. The petition stated that defendant "willfully deceived plaintiffs in order to get rid of the older model log skidder". Defendant's answer admitted the sale but denied any intentional misrepresentation.

Trial commenced before a jury. During the trial defendant admitted that the skidder was not the model represented. At the conclusion of plaintiffs' evidence defendant moved for a directed verdict. After the trial court indicated it did not think "fraud" had been established, plaintiffs were allowed to amend their petition to conform to the evidence and to add a claim for "negligent misrepresentation". Then the trial court sustained the motion as to "intentional fraud" and as to "the punitive damages issue". After the parties stipulated that plaintiffs' actual damages were $5,000, defendant admitted liability for that amount, the jury was discharged, and judgment was entered in favor of plaintiffs for $5,000.

On appeal plaintiffs contend the trial court erred in sustaining the motion as to "intentional fraudulent misrepresentation and punitive damages", (A) because the evidence supported plaintiffs' contention "that the defendant was without knowledge as to the truth or falsity of its representation that the log skidder was a John Deere Model 540–A when in fact it was a John Deere Model 540 and", (B) plaintiffs "were entitled to have the case submitted to the jury because defendant consciously and recklessly made representations without knowledge of the truth or falsity as to the model of the log skidder sold to plaintiffs."

■ Punitive damages may be awarded for misrepresentation where legal malice is present. *Beshears v. S–H–S Motor Sales Corporation*, 433 S.W.2d 66, 72 (Mo.App. 1968). Legal malice is present if the evidence shows that a wrongful act was intentionally done without just cause or excuse; it is not necessary that the act was attended by spite or ill will or that it was willfully or wantonly done. *Id.* See also *Finke v. Boyer*, 331 Mo. 1242, 56 S.W.2d 372, 377–378 (1932); *Williams v. Miller Pontiac Company*, 409 S.W.2d 275, 279 (Mo.App. 1966); MAI 16.01 (3d ed. 1981); 37 Am. Jur.2d Fraud and Deceit § 347, p. 465 (1968).

The question then is whether there was evidence that defendant committed a wrongful act intentionally without just cause or excuse. If so, plaintiffs should have been allowed to submit punitive damages to the jury for their consideration.

Defendant is a "Timberjack" log skidder dealer who acquired the John Deere log skidder as a trade-in. A John Deere dealer testified for plaintiffs that the "wheels was mixed up on" the log skidder in question. He said that it had "some 540 wheels on it and had the one, at least one, 540–A wheel on it." During cross-examination he agreed with defendant's counsel that the log skidder "had at least one 540–A hub on it". The John Deere dealer also testified that to determine what model skidder a trade-in is, he refers to "books that tell us what years they are built by serial number." Whether those books were available to non-John Deere dealers was not explored.

In contending that the trial court erred plaintiffs rely on a portion of the testimony given by Paul Dillsaver, a "major stockholder" and employee of defendant. He was called as a witness by plaintiffs. That testimony was as follows:

Q. [By Mr. Perkins, plaintiffs' attorney] Mr. Dillsaver, when you prepared these documents and also when you had this equipment on your lot, did you know whether or not, one way or the other, that this was a 540 or 540–A for sure?

A. From the documents and everything I had, I was convinced it was a 540–A.

Q. But you did not know for sure one way or the other?

A. I had no way—I did not verify it.

Q. So would it be fair to say that you didn't know whether the fact that you put on the decals out there and you advertised it as a 540–A was true or false did you?

A. Of course, I had the documentation that showed it was a 540–A, the customer represented to us to be a 540–A, and we accepted that. And I don't recall what it had on it before.

Q. Did you know whether that was true or false?

A. I had no reason to think it was not true.

Q. Did you know whether it was true or false, either way?

MR. GARRETT [defendant's attorney]: I object, Your Honor. It's repetitious.

MR. PERKINS: He's not answering the question.

THE COURT: He said he didn't know. I think that's an answer, Mr. Perkins.

Q. You didn't know whether it was true; is that correct?

A. No reason to question it.

Q. Answer my question.

A. No.

Q. Did not know it was false?

A. I did not know it was false.

Q. And the people who came on your place of business to purchase that would have been led to believe it was a 540–A due to the decal on it?

A. Yes.

Defendant's stockholder also testified that he believed it to be a 540–A because there was an "A" in its serial number.

The only evidence on whether defendant's employees believed that the log skidder was a 540–A was that presented by plaintiffs through the testimony of Dillsaver. His testimony indicated that he had no reason to believe that the log skidder was not a 540–A and "was convinced" that it was.

If being wrong subjects a defendant to punitive damages, then punitive damages might be awarded in any case where a misrepresentation, no matter how innocent or reasonably based, was made. That is not what the cases earlier cited say. They indicate that punitive damages are only available for misrepresentation when it occurs "without just cause or excuse".

■ Here, the evidence indicates that defendant's employees were convinced this was a 540–A log skidder due to the serial number, "documentation that showed it was a 540–A", and representations of the former owner. There was no evidence indi-

cating that defendant or any of its employees were or should have been so familiar with John Deere log skidders that they would have recognized it as being something other than a 540–A. We conclude that "legal malice" was not shown. As it was not, the trial court properly refused to submit punitive damages to the jury.

The judgment is affirmed.

HOGAN, FLANIGAN and MAUS, JJ., concur.